Danforth, J.
—On the 9th of November, 1877, a contract was made between the plaintiff’s assignor, as contractor, .and the defendant, as owner, for grading and setting curb and gutter stones and flagging in Sixty-sixth street of the city of New York. The contractor was to provide labor and materials, and the defendants were authorized to appoint such persons as they chose to inspect the material and the work done under the agreement. The grading was to agree with the "plans and profile of the street on file, and the whole work was to be completed in three hundred days from its commencement. The contractor commenced November 19, 1874. and after much delay beyond the three hundred days did complete and finish it, on the 4th of December, 1884. At the price named in the contract, the work amounted to $13,808.40; of this, $9,970.70 has been paid, and under the first cause of action the balance, or $2,029.10 is claimed. The defendant insists that this balance should be reduced (1) by the sum of $3,642, being the inspector’s wages, at three dollars a day, and (2) by the *348 further sum of $1,000, as overpayment for rock excavation.
As to the first item, the contract provides for it, in case the work was delayed, and the plaintiff conceding that delays did occur, also concedes the right of the city to make this deduction for inspection and at the amount stated, unless the delay was caused by the defendants, or by the acts or omissions of their servants. The trial judge submitted this question to the jury, and charged them that if the contractor had given a reasonable excuse resulting from the acts of the defendants for his failure to perform the work, he would not be chargeable for the inspection fees during such delay. No exception was taken to this instruction, or different instructions asked for, and the question is whether the evidence relating to it is so clearly in favor of the plaintiff as to require a ruling in her favor as matter of law. The specific excuse of the plaintiff is that the contractor could not go on with the work without grade lines and levels; that the defendant was bound to-furnish them, but delayed in doing so, and hence caused delay on his part.
It does not appear by the terms of the contract that the-city was bound to furnish those lines or levels, but it does appear that there was some action on the part of one Jeremiah, the superintendent of street improvements, beginning on the 4th of January, 1882, and continued at intervals down to October 8, 1884, showing a desire on his part-that the city surveyor should mark the proper grades, and urging him to do so, and the trial judge charged the jury that although, under the contract, the city was not bound to furnish grades, still, “if it undertook that duty and said: it would, and allowed the contractor to believe it would, then he is excused from any delay arising from the city’s failure to do that which it undertook to do, and induced him to wait,” and he then called the attention of the jury to the evidence on which the plaintiff now relies, and left-it to them to determine how far the omission to furnish grade lines was a cause of delay, and for such part as was-so occasioned to disallow to the city the inspector’s fees. The verdict shows that to some extent they found his delay-excused.
The next question arises on the defendants’ counter-claim for $333.30, overpaid, as they allege, to the contractor for rock excavation, in excess of the amount really due him for work done under the agreement. The question arising-upon that claim was submitted to the jury. The allegation of the plaintiff is that in so doing the trial judge erred, “for the reason that it was not proved.”
The evidence was not conclusive, but was sufficient to *349 call for an explanation from the plaintiff, and was the best which the nature of the case permitted. The excavation formed the road-bed, and the stone surface was covered with earth by the contractor. This was removed at various points, and the observations then made furnished the-data for computation which was given to the jury by witnesses. If credible, it established the deficiency for which reclamation was demanded, as showing that the stone had not been removed, as required by the contract, down to the grade line. So far, the plaintiff has not just ground of complaint.
We are, however, of opinion that the learned trial judge erred in holding, as matter of law, that the plaintiff had no case for the jury under his second cause of action, as alleged in the complaint. We do not think it expedient to discuss the evidence.
It tends to. show that by the action of the defendants2 **5' engineers more work was required from the plaintiff than would, under the contract, have been necessary for its completion, and that by their interference he was subjected to additional expense in its performance. That labor was not within the original plan, but caused by a deviation from it,, and for its accomplishment was in fact useless. It was not. occasioned by any intentional change of grade from that indicated upon the plan and profile of the work, and, therefore, was not within the terms of the agreement, which, permits a change without additional compensation. The-change was erroneous, and if, in the correction of the error, or by reason of it, the plaintiff performed extra labor and. incurred increased expense, he is entitled to recover according to its value and amount, and is not confined to the rate-of compensation provided for similar works by the special contract. The questions raised by the issues presented in the second cause of action should have been submitted to the jury, and for the error in the trial court in withholding them, the judgment should be reversed and a new trial granted, with costs to abide the event.
All concur.